Van Brunt, P. J.
Although there seems to have been some conflict of evidence in respect to some of the details of the case at bar, yet as to the main features, no conflict exists.
It is conceded that the proof shows that the defendants made a contract bearing date June 1, 1883, with the plaintiffs, for the supplying materials and the erection of certain buildings on the Isthmus of Panama, which the defendants had agreed to erect for the Panama Canal Company, which buildings were to be completed within nine months from date.
It was provided, among other things, that the defendants should have the right to appoint an agent or agents to examine the material, with power to reject all material and workmanship deemed not in accordance with the drawings and specifications to said contract annexed.
It further appears, that the defendants did appoint an inspector or inspectors of materials and workmanship, who examined the materials and workmanship which the plaintiffs proposed to supply in fulfillment of this contract, and that a large portion of such material was rejected by such inspectors, which rejected material was marked by a hammer in a certain way, and the accepted material marked in a certain other way.
That the foreman of the plaintiffs, soon after the work under the contract commenced, procured to be made a hammer, which was an exact imitation of that used by the inspectors, and that after the inspectors had rejected any material and had stamped it as rejected, said foreman was accustomed to remove the mark of rejection and put on-instead the mark of acceptance, and in the material thus stamped the imperfections were puttied up so . that when the coat of paint was put on, they could not be discovered, and thus, the defects being concealed, it was put on board the vessels and shipped to Panama, where all lumber prior to December 18, 1883, was received, not by the defendants, but by the plaintiffs, and used by them in the construction of the buildings in direct violation of the terms of their contract with the defendants, the material not complying with the contract and not having passed the inspection'provided for therein.
In December, 1883, at which time the greater part of the lumber had been shipped, the parties agreed to a modification of the contract of June 1, 1883, by which the plaintiffs were released from the part of the contract of June 1,1883, which required them to erect and paint houses at Panama.
The plaintiffs entered upon the performance of their contract in the summer of 1883, but this fraud practiced *500 upon the defendants was not discovered until January 9, 1884, and there was evidence that it continued until the last shipment of lumber.
After the discovery of the fraud, the defendants insisted that the plaintiffs should continue to ship lumber, in pursuance of the contract, to Panama, and they did so.
The plaintiffs told the defendants, after the discovery of the fraud, that if there was anything wrong about the lumber to order it back at their expense, or replace it at Panama at their expense, and that they would pay any damages which might be sustained by them through the fault of any material that they had sent down.
The defendants paid in full for all material furnished subsequently to January 9, 1884, but $20,000 remained due upon the contract price for the material, etc., furnished under the contract prior to the discovery of the fraud.
None of the lumber was returned, and this action was commenced to recover the $20,000 remaining due upon the contract.
The defendants denied the fulfillment of the contract upon the part of the plaintiffs, and alleged that the Panama company had deducted $25,000 from the defendant’s contract with them because of the breaches of contract by the plaintiffs.
It is urged by the plaintiffs that if the lumber fraudulently shipped was a violation of the contract, the defendants completely waived the violation by afterwards; with full knowledge of the violation, accepting and using the lumber, and by insisting that the plaintiffs should proceed with their contract.
One difficulty with the first part of this proposition is that there is no foundation for the assertion that the defendants accepted and used all the lumber fraudulently shipped, or that they accepted any of it prior to January 9, 1884, having any knowledge of the fraud which had been practiced upon them. In fact, the fraudulent lumber was shipped prior to Januarj 9, 1884, where the fraud was first discovered, and there is no evidence that the defendants received or used any lumber at Panama prior to December 18, 1883, but prior to that time it was there received and used by the plaintiffs, and as to all material shipped subsequent to the discovery of these frauds, that has been paid for.
The buildings, prior to December 18, 1883, were erected on the isthmus by the plaintiffs, and not by the defendants,, and, therefore, the defendants could not accept and use the materials prior to that time; and all received subsequent to December 18, 1883, and prior to January 9, 1884, were received by their agents there under the supposition "induced by the fraudulent action of the plaintiffs, that they had *501 been duly inspected in New York, and accepted as complying with the contract.
What right the defendants waived by insisting upon the performance of the contract, it is difficult to see. They have paid for all that was done subsequent to the discovery of the fraud, and they refused to make further payments upon fraudulent work after the discovery of the fraud, and it is evident that the plaintiffs went on with the contract because the defendants would pay for subsequent deliveries, and that it may be understood clearly $20,000 of the amount claimed to be due at the time of the discovery of the fraud should remain in the condition it then was.
It is urged that the defendants could not insist upon performance on the part of the plaintiffs, but refuse all performance on their part. There is no evidence that the defendants ever refused performance on their part. They were to pay when the plaintiffs performed, and the plaintiffs did not perform.
The whole theory upon which the plaintiffs seem to base their claim is that the defendants accepted and used their lumber.
As this is so strenously urged, attention must again be called to the fact that prior to December 18, 1883, the material was received and used at Panama in the construction of the buildings by the plaintiffs, and all that the defendants did prior to that time was to receive the buildings when completed upon designated sites and after that time by their agents to receive material which the plaintiffs falsely represented to have been inspected and accepted as complying with the contract.
The defendants had used every precaution to protect all parties the contract from dispute as to material by inspection here, and by the fraudulent acts of the plaintiffs’ servants, such precautions were rendered futile, and materials not complying with the contract were shipped and used in these buildings by the plaintiffs.
It is true that some of the employees swear that most of the material substantially complied with the contract, but if it did, it seems curious that such a fraud should have been resorted to to get it into these buildings, and it certainly did not pass the inspection provided for by the contract, which the defendants had a right to insist upon, and did insist upon.
The cases in this state are numerous that the use of the buildings constructed under a contract, is no waiver of its conditions.
The case of Smith v. Brady (17 N. Y., 173), settles this point and the only relaxation of the rule laid down in this' case, has been made in the case of unintentional omissions. *502 which are not substantial in their nature, so that an allowance out of the contract price will give to the other party full indemnity.
In such cases the contractor is allowed to recover the contract price less the damages on account of the defect.
In the case at bar, if the plaintiffs desired to invoke this principle the burden was upon them to show that the defendants had not been damnified by their violation of their contract. It was not for the defendants to show that they had been so damnified.
The plaintiffs seek to recover contract price, the defendants answer contract not fulfilled, and prove it—the burden then rested upon the plaintiffs to show that breach was unintentional and that it was not substantial and that defendants were not injured. This the plaintiffs have utterly failed to do.
That the plaintiffs are responsible for the frauds of their zealous foreman and his aids does not seem to need discussion, even though they know nothing of them—as to which •ignorance a doubt might be suggested.
The ruling of the learned court was correct, and the exception should be overruled and judgment entered upon the verdict, with costs.
Bartlett and Lawrence, JJ., concur.